IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TV TOKYO CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON AMENDED SCHEDULE A HERETO,<br><br>    Defendant. | Case No. 24-cv-4685<br><br>Hon. LaShonda A. Hunt |

## **DEFAULT FINAL JUDGMENT ORDER**

This action having been commenced by Plaintiff TV TOKYO CORPORATION ("Plaintiff") against the defendant identified on Amended Schedule A, and using the Defendant Online Marketplace Account identified on Amended Schedule A (collectively, the "Defendant Internet Store"), and Plaintiff having moved for entry of Default and Default Judgment against the defendant identified on Amended Schedule A attached hereto which have not yet been dismissed from this case (collectively, "Defaulting Defendant");

This Court having entered a preliminary injunction; Plaintiff having properly completed service of process on Defaulting Defendant, the combination of providing notice via electronic publication and e-mail, along with any notice that Defaulting Defendant received from domain name registrars and payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendant of the pendency of the action and affording them the opportunity to answer and present its objections; and

The Defaulting Defendant having not answered or appeared in any way, and the time for answering having expired, so that the allegations of the Amended Complaint are uncontroverted and are deemed admitted;

This Court finds that it has personal jurisdiction over Defaulting Defendant because Defaulting Defendant directly targets its business activities toward consumers in the United States, including Illinois. Specifically, Plaintiff has provided a basis to conclude that Defaulting Defendant has targeted sales to Illinois residents by setting up and operating an e-commerce store that target United States consumers using one or more seller aliases, offers shipping to the United States, including Illinois, accepts payment in U.S. dollars and/or funds from U.S. bank accounts, and has sold products using infringing and counterfeit versions of Plaintiff's federally registered trademarks and copyrights (the "NARUTO Trademarks and Copyrights") to residents of Illinois. In this case, Plaintiff has presented screenshot evidence that the Defendant e-commerce store is reaching out to do business with Illinois residents by operating a commercial, interactive internet store through which Illinois residents can and do purchase products using counterfeit versions of the NARUTO Trademarks and Copyrights. *See* Docket No. 16, which includes screenshot evidence confirming that the Defendant e-commerce store does stand ready, willing and able to ship its counterfeit goods to customers in Illinois bearing infringing and/or counterfeit versions of the NARUTO Trademarks and Copyrights.]

A list of the NARUTO Trademarks and Copyrights is included in the below chart.

| Registration Number | Registered Trademark or Copyright | International Classes |
|---|---|---|
| 3,229,574 | **NARUTO** | 9, 16 and 25 |
| 3,280,366 | **NARUTO** | 9, 16, 28 and 41 |
| 3,726,754 | **NARUTO** | 9, 16, 25, 28 and 41 |

| | | |
|---|---|---|
| PA 2-431-062 | NARUTO Enter:Naruto Uzumaki! | |
| PA 2-276-002 | NARUTO (# 353): The Tale of Jiraiya the Gallant | |
| PA 2-277-887 | NARUTO (# 114): Good-Bye Old Friend…! I'll Always Believe In You! | |

This Court further finds that Defaulting Defendant is liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)), copyright infringement (17 U.S.C. § 501(a)), and violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510 *et seq.*).

Accordingly, this Court orders that Plaintiff's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendant is deemed in default, and that this Default Judgment is entered against Defaulting Defendant.

This Court further orders that:

1. Defaulting Defendant, its officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a. using the NARUTO Trademarks and Copyrights or any reproductions, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine NARUTO product or not authorized by Plaintiff to be sold in connection with the NARUTO Trademarks and Copyrights;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff product or any other product produced by Plaintiff, that is not Plaintiff's or not

3

      produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the NARUTO Trademarks and Copyrights;

  c. committing any acts calculated to cause consumers to believe that Defaulting Defendant's products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

  d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks and copyrights, including the NARUTO Trademarks and Copyrights, or any reproductions, counterfeit copies or colorable imitations.

2. The domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, and the domain name registrars, including, but not limited to, GoDaddy Operating Company LLC, Name.com, PDR LTD. d/b/a/ PublicDomainRegistry.com, and Namecheap Inc., within seven (7) calendar days of receipt of this Order, shall, at Plaintiff's choosing:

  a. transfer the Defendant Domain Names to Plaintiff's control, including unlocking and changing the registrar of record for the Defendant Domain Names to a registrar of Plaintiff's selection, and the domain name registrars shall take any steps necessary to transfer the Defendant Domain Names to a registrar of Plaintiff's selection; or

  b. disable the Defendant Domain Names and make them inactive and untransferable.

3. Defaulting Defendant and any third party with actual notice of this Order who is providing services for the Defaulting Defendant, or in connection with any of the Defaulting Defendant's Online Marketplace, including, without limitation, any online marketplace platforms such as Amazon.com, Inc. ("Amazon") (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

    a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Account, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendant could continue to sell counterfeit and infringing goods using the NARUTO Trademarks and Copyrights; and

    b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the NARUTO Trademarks and Copyrights or any reproductions, counterfeit copies or colorable imitations thereof that is not a genuine NARUTO product or not authorized by Plaintiff to be sold in connection with the NARUTO Trademarks and Copyrights.

4. Upon Plaintiff's request, those with notice of this Order, including the Third-Party Providers as defined in Paragraph 3, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendant in connection with the sale of counterfeit and infringing goods using the NARUTO Trademarks and Copyrights.

5. Pursuant to 15 U.S.C. § 1117(c)(2), Plaintiff is awarded statutory damages from the Defaulting Defendant in the amount of $10,000.00 for willful use of counterfeit NARUTO

      Trademarks and Copyrights on products sold through at least the Defendant Internet Store. This award shall apply to the Defaulting Defendant only once, even if they are listed under multiple different aliases in the Amended Complaint and Amended Schedule A.

6. Any Third Party Providers holding funds for Defaulting Defendant, including Amazon, shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendant or the Defendant Internet Store from transferring or disposing of any funds (up to the statutory damages awarded in Paragraph 6 above) or other of Defaulting Defendant's assets.

7. All monies (up to the amount of the statutory damages awarded in Paragraph 5 above) currently restrained in Defaulting Defendant's financial accounts, including monies held by Third-Party Providers such as Amazon, are hereby released to Plaintiff as partial payment of the above-identified damages, and Third Party Providers, including Amazon, are ordered to release to Plaintiffthe amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

8. Until Plaintiff has recovered full payment of monies owed to it by the Defaulting Defendant, Plaintiff shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

9. In the event that Plaintiffidentifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendant, Plaintiff may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendant by e-mail at the e-mail addresses identified in Exhibit 3 to the Declaration of Hiroaki Saiki and any e-mail addresses provided for Defaulting Defendant by third parties.

10.     The Clerk of the Court is directed to return the $1,000 surety bond previously deposited with the Clerk of the Court to Plaintiff or its counsel.

This is a Default Judgment.

**DATED**: September 13, 2024          **ENTERED:**

*LaShonda A. Hunt*

_____

LaShonda A. Hunt
United States District Judge

**Amended Schedule A**

| No. | Defendant Name / Alias |
|---|---|
| 33 | chenyyan |